**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| SHAUNA DHOBLE, | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **vs.** | : | |
| | : | **No.:   26-cv-** |
| **HARTFORD LIFE AND ACCIDENT** | : | |
| **INSURANCE COMPANY** | : | |
| | : | |
| **Defendant.** | : | |

_____

## COMPLAINT

The Plaintiff, Shauna Dhoble ("Ms. Dhoble"), by and through the undersigned counsel, hereby sues the Defendant, Hartford Life and Accident Insurance Company ("The Hartford" or "Defendant") and alleges:

## PRELIMINARY ALLEGATIONS

1.    "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), as it involves a claim by a Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA.  Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.  This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant.  Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and post judgment interest, and attorney's fees and

1

costs.

2. Venue is proper in this district under 29 USC 1132(e)(2), in that Hartford is licensed to transact business in the Commonwealth of Pennsylvania. Additionally, the breach occurred in this district as Ms. Dhoble currently resides in the Eastern District of Pennsylvania so the place of performance and place of payment occurred here.

3. Upon information and belief, Defendant Hartford is a corporation with its principal place of business in the State of Connecticut with a principal mailing address for purposes of effectuating service of process of One Hartford Plaza, Mail Stop HO-1-06, Hartford CT 06155.

## RELEVANT FACTS

4. Ms. Dhoble was at all times relevant a plan participant under the Omnicare, Inc. and Affiliate Companies Disability Plan, Policy Number GLT-377490 ("The Plan").

5. Upon information and belief, The Hartford is the insurer and claims administrator of the Policy. As the decision maker and payor of benefits, The Hartford both funded and administered the claim with a conflict of interest and the bias this created affected the claims determination.

6. The Plan is an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), established for employees of Omnicare, Inc. and and its affiliates, under which Ms. Dhoble is a participant. Pursuant to the terms and conditions of the Plan, Ms. Dhoble is entitled to Long-Term Disability benefits for the duration she met the definition of **"Disability"** under

the Plan.

7. At all times relevant, Ms. Dhoble was an employee or former employee of Omnicare, Inc. and is a Plan participant under the terms and conditions of the Plan.

8. During the course of Ms. Dhoble's employment with Omnicare, Inc., Ms. Dhoble became entitled to long-term disability ("LTD") benefits under the terms and conditions of the Plan. Specifically, while Ms. Dhoble was covered under the Plan she suffered a physical disability as a result of Injury or Sickness, the nature of which, due to privacy, is detailed within the administrative record, rendering her **Disabled** under the terms of the Plan.

9. On January 26, 2026, The Hartford sent a letter to Ms. Dhoble notifying her that they paid her benefits through January 22, 2026, but that she did not provide proof of her ongoing disability, so her claim was terminated effective January 23, 2026.

10. Acting through undersigned counsel, Ms. Dhoble timely appealed The Hartford's termination, submitting additional medical information supporting her claim.

11. Via letter dated June 26, 2026, The Hartford notified Ms. Dhoble through undersigned counsel that, while she provided necessary Proof of Loss to continue the claim evaluation, they were upholding their prior decision to terminate her claim for LTD benefits as they determined that she did not meet the definition of Disability for Any Occupation beyond January 22, 2026, that their determination was final, and that she had exhausted her administrative

3

remedies.

12. At all material times hereto and as set forth above, Ms. Dhoble has continued to provide Defendant with medical and other documentation supporting and confirming her ongoing Disabled status, as per the terms of the aforementioned Plan.

13. Ms. Dhoble has exhausted her administrative remedies and now files this complaint seeking judicial relief.

**CLAIM FOR RELIEF UNDER ERISA § 502(a)(1)(B) FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS**

14. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

15. The Defendant violated its obligations under the Plan to its insured in denying a valid and fully supported claim for LTD benefits beyond January 22, 2026.

16. As set forth hereinabove, the Defendant improperly and unjustifiably denied Ms. Dhoble her LTD benefits beyond January 22, 2026 under the Plan without reasonable basis and based upon faulty, flawed, insufficient and defective information.

17. Because of Defendant's pattern and practice of deliberate repudiation of its policy obligations, Ms. Dhoble has been deprived of her rights under the aforementioned Plan.

18. As a result of Defendant's conduct and failure, Plaintiff has been denied the full value of her LTD benefits  and interest, during the time Plaintiff was

Disabled, the actual amount of which will be proven at trial.

19. Plaintiff is entitled to recover said benefits pursuant to 29 U.S.C. § 1132(a)(1)(B).

20. As a further direct and proximate result of Defendants' conduct, Plaintiff, in pursuing this action, has been required to incur attorneys' fees and costs. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

21. Following the denial of benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, SHAUNA DHOBLE prays for relief against HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY as follows:

1. Recovery of Long-Term Disability benefits and interest due Plaintiff the actual amount of which will be proven at trial;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the Plan, with all ancillary benefits to which she is entitled by virtue of her disability;

3. In the alternative to the relief sought in paragraphs 1-2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA;

6. Such other and further relief as this Court deems just and proper.

Respectfully Submitted,

ROSEN MOSS SNYDER LLP

　/s/Christopher R. Harris
Marc H. Snyder, Esquire (81432)
Tel: (215) 935-1106
msnyder@rms.law
Christopher R. Harris, Esquire (326450)
Tel: (215) 935-1157
charris@rms.law
1300 Virginia Drive, Suite 310
Ft. Washington, PA 19034
Fax : (215) 935-0326
Attorneys for Plaintiff,
Shauna Dhoble